## Garland et ux. v. Cohen et al.

*H. W. Lightstone*, for plaintiffs.

*L. L. Frank, H. O. Bechtel*, and *Joseph G. Seesholtz*, for original defendants.

*Charles E. Berger* and *O. A. Wisansky*, for additional defendants.

DALTON, J., April 15, 1940.—On January 11, 1940, the original defendants petitioned the court for leave to join as additional defendants M. & W. Spector and Keystone Mushroom Company, Inc., under Rule 2252 of the Pennsylvania Rules of Civil Procedure. The same date, January 11, 1940, by order of court, the petition was granted and the said M. & W. Spector and Keystone

Mushroom Company, Inc., were joined as additional defendants.

On January 31, 1940, the original defendants filed a præcipe for writ of alias scire facias, and the prothonotary issued what is designated as an alias writ of scire facias.

It would appear that the purpose of the so-called writ of alias scire facias was to amend the substance of the petition as presented to the court on January 11, 1940.

On February 26, 1940, on motion of counsel for the said additional defendants, the court granted a rule to show cause why the so-called alias writ of scire facias should not be dismissed.

This matter now comes before the court for disposition on the said motion and rule to show cause why the said writ of scire facias should not be dismissed.

Said motion and rule is based upon Rule 2256 of the Rules of Civil Procedure adopted by the Supreme Court of Pennsylvania.

Said Rule 2256, subdivision (a), is as follows:

"(a) Any defect of form or substance in either the petition or order may be attacked only by a motion to dismiss as to the additional defendant. The motion shall set forth specifically all objections to the form and substance of the petition or order, but shall not set forth objections to jurisdiction of the court over the person or subject matter of the action. Objections to jurisdiction may be asserted only in the manner provided by law or rule of court."

It will be noted that Rule 2256 refers to "any defect of form or substance in either the petition or order." The motion and rule now before us sets forth no objections to the form and substance of the petition or order, but on the other hand is in the nature of a motion to quash the writ of scire facias. There appears to be no authority under Rule 2256 to quash or set aside a writ of scire facias, inasmuch as said rule confines procedure exclusively to an attack by a motion to dismiss with respect

to a petition or order presented or granted under Rule 2252.

And now, April 15, 1940, the rule to dismiss the said writ of scire facias is discharged.